IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosalinda Cervantes, et. al. | No. CV-15-300-TUC-RCC (BPV) |
| Plaintiffs, | **REPORT & RECOMMENDATION** |
| vs. | |
| Ford Motor Company, et. al., | |
| Defendants. | |
| American Family Mutual Insurance Co., | |
| Cross-Claimant, | |
| vs. | |
| Ford Motor Company; Texas Instruments Incorporated.; Sensata Technologies, Inc., | |
| Cross-Defendants | |

Pending before the Court are: (1) Defendant Ford Motor Company's Motion to Dismiss Cross-Claim of American Family Mutual Insurance Company (Doc. 16); and (2) "Defendants Texas Instruments Incorporated and Sensata Technologies, Inc.'s Motion to Dismiss Cross-Claim of American Family Mutual Insurance Company" (Doc. 17). For the following reasons the Magistrate Judge recommends that the District Court: (1) grant

Defendant Ford Motor Company's Motion to Dismiss; and (2) deny Defendants Texas Instruments Incorporated and Sensata Technologies, Inc.'s Motion to Dismiss with leave to renew at summary judgment.

**I.    BACKGROUND**

On May 15, 2015, Plaintiffs filed suit against Defendant and Cross-Claimant American Family Mutual Insurance Company ("American Family") and Defendants and Cross-Defendants Ford Motor Company ("Ford") and Texas Instruments Incorporated and Sensata Technologies, Inc. (collectively "Sensata") with regard to a June 1, 2013 fire that occurred at the home of Plaintiffs Carlos and Aurora Sanchez. Plaintiffs allege that the fire was caused by a defect in the speed control system of Plaintiff Rosalinda Cervantes' 1999 Ford F-150 ("Subject Vehicle"), which was parked in the garage at the Sanchez home. "The Subject house was heavily damaged from the fire and was uninhabitable…" and a significant amount of personal property was destroyed due to the fire. (Complaint (Doc. 1-3), ¶¶10, 12). Additionally, the Subject Vehicle was damaged and unusable due to the fire. (*Id.* at ¶13). As to Ford and Sensata, Plaintiffs claim: strict liability (Count One); negligence, gross negligence and wanton disregard (Count Two); failure to warn (Count Three); and breach of warranties (Count Four).

Plaintiffs also allege that American Family insured the Subject Vehicle and "paid Rosalinda Cervantes for the property damage to the Subject Vehicle due to the fire. [American Family] also took possession, custody, and control of the Subject Vehicle and [American Family] pursued subrogation against Ford." (Complaint, ¶18; *see also* American Family's Answer & Cross-Claim (Doc. 5), p.1, ¶2 (admitting the allegations set forth in paragraph 18 of the Complaint)). Plaintiffs allege that despite American Family's assurances that the Subject Vehicle would be preserved; American Family destroyed the Subject Vehicle after the fire, thus limiting Plaintiffs' ability to pursue damages against Ford and Sensata. (Complaint, ¶¶17-23). As to American Family, Plaintiffs claim: breach of contract (Count Five); promissory estoppel (Count Six); negligent misrepresentation (Count Seven); breach of bailment (Count Eight); and

negligence/negligent spoliation of evidence (Count Nine).

Plaintiffs seek compensatory damages from all Defendants, as well as punitive damages from Ford and Sensata. (Complaint, p. 26). Plaintiffs' request for compensatory damages includes "[a]ll losses resulting from the damage to property, both real and personal…." (*Id.*).

On July 20, 2015, American Family filed a combined Answer to Plaintiffs' Complaint and Cross-Claim[1] against Ford and Sensata. (Doc. 5). American Family alleges that at the time of the fire, it insured the Subject Vehicle and it "paid [Plaintiff] Rosalinda Cervantes for the damage to the subject vehicle and rental car expenses….As a result of these payments, American Family is subrogated to the claims of Rosalinda Cervantes against Ford and [Sensata] to the extent of American Family's payments to Rosalinda Cervantes." (*Id.* at pp. 4-5, ¶¶7-9). As to the Ford and Sensata Cross-Defendants, American Family claims: strict liability (Count One); negligence (Count Two); failure to warn (Count Three); and breach of warranties (Count Four), which are essentially the same claims that Plaintiffs have alleged against Ford and Sensata.

**II.   Standard**

Cross-Defendants Ford and Sensata have filed separate motions to dismiss American Family's Cross-Claim, each arguing that American Family's Cross-Claim is barred by the statute of limitations.

"[P]laintiffs ordinarily need not 'plead on the subject of an anticipated affirmative defense.'" *Rivera v. Peri & Sons Farms, Inc.,* 735 F.3d 892, 902 (9th Cir. 2013) (quoting

---

[1] Rule 13 of the Federal Rules of Civil Procedure provides:
A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.
Fed.R.Civ.P. 13(g).

*United States v. McGee,* 993 F.2d 184, 187 (9th Cir. 1993)); *see also Bohmfalk v. Vaughn,* 357 P.2d 617, 622, 89 Ariz. 33, 39-40 (1960) ("it is not incumbent upon the party filing a complaint to anticipate an affirmative defense which the answer may disclose.") (statute of limitations).  "When an affirmative defense is obvious on the face of a complaint, however, a defendant can raise that defense in a motion to dismiss." *Rivera,* 735 F.3d at 902 (citations omitted); *see also Jablon v. Dean, Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980).  In resolving a motion to dismiss based on a statute-of-limitations defense, "[a] court should not dismiss a complaint unless plaintiff cannot plausibly prove a set of facts demonstrating the timeliness of the claim." *Ranch Realty, Inc. v. DC Ranch Realty, LLC,* 614 F.Supp. 2d 983, 987 (D. Ariz. 2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  Determining plausibility is a "context-specific task..." that requires the court to "draw on its judicial experience and common sense." *Iqbal* 556 U.S. at 679 (a complaint cannot survive dismissal where the court can only infer that a claim is merely possible rather than plausible).  At bottom, a motion to dismiss based on a statute-of-limitations defense may be granted only "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon,* 614 F.2d at 682; *see also Ranch Realty Inc.,* 614 F.Supp.2d at 987.

**III.   DISCUSSION**

    **A.   THE PARTIES' ATTACHMENTS TO THEIR BRIEFS**

As a preliminary matter, the Court must determine whether to consider the attachments to the parties' briefs.  Ordinarily, courts will not consider evidence or documents beyond the complaint in the context of a Rule12(b)(6) motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & co.,* 896 F.2d 1542, 1550 (9th Cir. 1990).  Although neither Ford nor Sensata attached exhibits to their respective motions, American Family attached exhibits to each of its responses, and Ford and Sensata attached an exhibit to their respective replies. Generally, "[i]f the defense [based on the statute of limitations] does not appear on the face of the complaint and the trial court is

- 4 -

willing to accept matters outside of the pleadings, the defense can still be raised by a motion to dismiss accompanied by affidavits[]" which, pursuant to Rule 12(d), will then be treated as a motion for summary judgment.[2] *Jablon,* 614 F.2d at 682.   The parties do not address whether the motions to dismiss should be converted to motions for summary judgment in light of the exhibits submitted by the parties.

While there are some exceptions to the rule that a motion to dismiss must be converted to a motion for summary judgment if the Court considers matters outside the pleadings in resolving the motion, those exceptions do not appear to apply here. *See e.g., United States v. Ritchie,* 342 F.3d 903, 907-10 (9th Cir. 2003); *see also Ranch Realty, Inc.,* 614 F.Supp.2d at 987-88.  Conversion to a motion for summary judgment does not occur "until the district court acts to convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those materials from its consideration." *Swedberg v. Marotzke,* 339 F.3d 1139, 1146 (9th Cir. 2003); *see also Keams v. Technical Institute, Inc.,* 110 F.3d 44, 46 ("a 12(b)(6) motion need not be converted into a motion for summary judgment when matters outside the pleading are introduced, provided that 'nothing in the record suggest[s] reliance' on those extraneous materials") (quoting *North Star Int'l. v. Arizona Corp. Comm'n.,* 720 F.2d 578, 582 (9th Cir.1983)).   Thus, if the Court exercises its discretion to consider the submitted exhibits, the pending motions to dismiss must be converted to motions for summary judgment.  *See* Fed.R.Civ.P. 12(d); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.,* 494 F.3d 1203, 1207 (9th Cir. 2007) (Rule 12 "specifically gives courts the discretion to accept and consider extrinsic materials offered in connection with…[a motion to dismiss], and to convert the motion to one for summary judgment when a party has notice that the district court may look

---

[2] Under Rule 12(d):
If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.
Fed.RCiv.P. 12(d).

- 5 -

beyond the pleadings.").

In response to Ford's motion, American Family attaches an incident report from the Tucson Fire Department (Doc. 21, Exh. 1) and a July 3, 2013 report issued by American Family's investigator who was retained to investigate the cause and origin of the fire (Doc. 21, Exh. 2)). Ford's Reply included a copy of e-mail correspondence from November 2014 between counsel for Ford and American Family. (Docs. 23, Exh. A).

American Family neither cites nor otherwise relies upon the exhibits attached to its Response to support its legal argument in opposition to Ford's Motion to Dismiss; instead, the exhibits are cited only in the context of the "[f]actual [b]ackground" of the case. (*See* Doc. 21). As discussed below, the parties' arguments address solely the legal issue whether American Family's cross-claims against Ford relates back to the date of the filing of Plaintiffs' Complaint. Here, the exhibits submitted by both parties have no bearing on the legal question presented in Ford's motion to dismiss. Therefore, the Magistrate Judge excludes the exhibits submitted by both American Family and Ford, and continues to consider Ford's motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim.

In responding to Sensata's Motion to Dismiss, American Family argues, as it did with Ford, that its claims relate back to the filing of Plaintiffs' Complaint. Additionally, American Family argues that its claims against Sensata did not accrue until "very recently" when it discovered, through reading Plaintiffs' Complaint, that Sensata "designed, tested, manufactured, supplied, marketed, and sold electric components, including the speed control deactivation switch…." (Doc. 22, p. 4). American Family attached the following exhibits to its Response: (1) an incident report from the Tucson Fire Department (Doc. 22, Exh. 1); (2) a July 3, 2013 report issued by American Family's investigator who was retained to investigate the cause and origin of the fire[3] (Doc. 22,

---

[3] The investigator's report reflects that he conducted "[e]xtensive research and review of the National Highway Traffic Safety Administration (NHTSA) databases" and attached copies of pertinent NHTSA reports to his report, (Doc. 22, Exh. 2, pp. 1-2)).

- 6 -

Exh. 2); and (3) a Declaration from American Family Claims Manager Kim Tolle who states that she "supervised the claim of Rosalinda Cervantes…" and "until the point litigation was filed by plaintiff, I had no information that either Texas Instruments or Sensata Technologies designed, tested, manufactured, supplied, marketed, and sold electric components, including the speed control deactivation switch ('SCDS') for the subject vehicle…"; instead, "[a]ll of our investigations demonstrated and indicated Ford Motor Company was responsible for the SCDS." (Doc. 22, Exh. 3).

Sensata attached to its reply a report issued by NHTSA, apparently in 2006, which Sensata contends identifies Texas Instruments as the manufacturer of the SDCS in Ford vehicles. (Doc. 24, p. 2 & Doc. 24, Exh. A).

Summary judgment is appropriate only when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This action is at the beginning stages and little, if any, discovery has occurred. At this stage of the proceeding, it would be premature to convert the pending motion to dismiss to a motion for summary judgment. Instead, the matter is best addressed on summary judgment after sufficient discovery has occurred. The Magistrate Judge, therefore, declines to consider the exhibits submitted by the parties and will maintain Sensata's motion as a motion to dismiss for failure to state a claim under Rule 12(b)(6).

### B. RELATION BACK

The parties do not dispute that actions involving "trespass for injury done to the estate or the property of another" must be "commenced and prosecuted within two years after the cause of action accrues…." A.R.S. §12-542(3). Nor do they dispute that, an insurer's subrogation claim "accrues at the time of the injury-causing event rather than the date that the claim is paid." (Doc. 16, p. 3 (citing *Preferred Risk Mut. Ins. Co. v. Vargas,* 157 Ariz. 17, 20, 754 P.2d 346, 349 (App. 1988); *United Pacific Reliance Ins. Co. v. Kelley,* 127 Ariz. 87, 618 P.2d 257 (App. 1980)). Although American Family's

Cross-Claim was filed more than two years after the June 1, 2013 fire, American Family argues that its Cross-Claim is timely because it "relate[s] back" to the filing of Plaintiffs' Complaint.  (Doc. 21, pp. 3-6; Doc.22, pp. 4-7).

"Although most of the decisions concerning this relation back issue involve counterclaims, the rationale of those decisions is equally applicable to crossclaims." *Appelbaum v. Ceres Land Co.,* 546 F.Supp. 17, 20 (D. Minn. 1981) (citation omitted). "For the purposes of the relation back doctrine, courts have distinguished between counterclaims and crossclaims that seek to somehow reduce the amount a plaintiff can recover, such as by recoupment, contribution, or indemnity, and claims that seek affirmative relief through an independent action. Defensive claims generally relate back, while affirmative claims must satisfy the applicable statute of limitations." *Id.* at 20-21 (citations omitted).  The rule in Arizona comports with the *Appelbaum* court's observation:  "[I]f a claim would be barred originally by a statute of limitation, it is barred as a counterclaim even if it arises from the same transaction except as it falls within the principles of recoupment." *Unispec Dev. Corp. v. Harwood K. Smith & Partners,* 124 F.R.D. 211, 214 (D.Ariz. 1988) (citing *W.J. Kroeber v. Travelers Indem. Co.,* 112 Ariz. 285, 287, 541 P.2d 385, 397 (1975)).  "Recoupment is a reduction by the defendant of a part of plaintiff's claim because of a right in the defendant arising out of the same transaction." *Id.* (citing *Morris v. Achen Const. Co. Inc*., 155 Ariz. 507, 510, 747 P.2d 1206, 1209 (App.1986), *reversed in part, vacated in part on other grounds,* 155 Ariz. 512, 747 P.2d 1211 (1987)).

Plaintiffs allege that American Family "paid Rosalinda Cervantes for the property damage to the Subject Vehicle due to the fire."  (Complaint, ¶18).  Plaintiffs do not specifically claim that they seek recovery for property damage sustained by the vehicle, although they conclude their Complaint with a request for damages for, *inter alia,* "[a]ll losses resulting from the damage to property, both real and personal…." (*Id.* at p. 26). American Family alleges that it "is subrogated to the claims of Rosalinda Cervantes against Ford and [Sensata]…to the extent of American Family's payments to Rosalinda

Cervantes."  (Doc. 5, p. 5, ¶9).

"[G]enerally, when an insurer has paid a loss suffered by its insured, the insurer becomes subrogated to the insured's claim against the party primarily liable for the loss and may enforce that claim against that party….The insurer essentially stands in the shoes of the insured…." *Monterey Homes Arizona, Inc. v. Federated Mut. Ins.* Co., 221 Ariz. 351, 355, 212 P.3d 43, 47 (App. 2009) (citations omitted). American Family argues that had Plaintiffs not sued American Family, "[American Family] would have had to intervene to protect its subrogation interests, and it could have done so even after the expiration of the statute of limitations." (Doc. 21, p. 5 (citing *Untied Pacific,* 127 Ariz. at 90-91, 618 P.2d at 260-61)).  In *United Pacific*, the plaintiffs' suit against the tortfeasor specifically sought damages related to the vehicle for which they had already received payment, less the deductible, from their insurer. *See United Pacific,* 127 Ariz. at 90, 618 P.2d at 260 ("the stated object of the property damage allegation…was to recover the entire amount of damages sustained by the vehicle."). Here, unlike *United Pacific,* the allegations in the Complaint do not plausibly support the conclusion that Plaintiffs are suing for damages sustained by the Subject Vehicle given that Plaintiffs have specifically recognized that American Family already "paid Rosalinda Cervantes for the property damage to the Subject Vehicle due to the fire." (Complaint, ¶18).

American Family's cross-claims are not directed at reducing any amount of damages at issue if Plaintiffs prevail on the claims alleged in their Complaint. *See Unispec Dev. Corp.,* 124 F.R.D. at 214.  Instead, American Family alleges affirmative claims solely with regard to the destruction of the Subject Vehicle and expenses it incurred related to same.  Under the instant circumstances, American Family's affirmative cross-claims "may not be instituted after the applicable period of the statute of limitations has expired since such claims are regarded as an independent cause of action." *Id.* (citation omitted).  *See also Appelbaum,* 546 F.Supp. at 20 ("Defensive claims generally relate back, while affirmative claims must satisfy the applicable statute of limitations.").  Because American Family's cross-claims do not relate back to the

filing of Plaintiffs' Complaint, American Family's cross-claim against Ford is barred by the statute of limitations. *See e.g., Appelbaum,* 546 F.Supp. at 21 (dismissing untimely cross-claim "even though [cross-claimant's] affirmative claim is based on similar transactions and occurrences as [plaintiff's], it is indeed an independent claim that would have been time-barred had [cross-claimant] filed a separate action."). For these same reasons, American Family's reliance on the relation back rule to defeat Sensata's motion to dismiss is equally unavailing.

### C. DISCOVERY RULE

In responding to Sensata's Motion, American Family asserts that its claim is timely under the discovery rule because American Family did not discover Sensata's involvement until "very recently" upon reading Plaintiffs' Complaint. (Doc. 22, p.4). Both American Family and Sensata rely on matters outside the pleadings to support their positions on whether the discovery rule applies in this case.[4]

"Under the 'discovery rule,' a cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause." *Ranch Realty, Inc.,* 614 F.Supp.2d at 988-89 (*citing Doe v. Roe*, 191 Ariz. 313, 955 P.2d 951, 960 (1998)). "In Arizona, determination of a claim's accrual date is usually a question of fact, with the inquiry centering on the plaintiff's knowledge of the subject event and resultant injuries, whom the plaintiff believed was responsible, and plaintiff's diligence in pursuing the claim. Application of the discovery rule often depends on resolution of such factual issues…." *Doe v. Garcia,* 5 F.Supp.2d 767, 774 (D. Ariz. 1998) (*citing Logerquist v. Danforth, M.D.*, 188 Ariz. 16, 932 P.2d 281, 287 (App.1996)); *see also Ranch Realty, Inc.,* 614 F.Supp.2d at 989 ("When discovery occurs and a cause of action accrues are ordinarily questions of fact for the jury.") (citation omitted).

Resolution of questions concerning when American Family learned, or with

---

[4] While the Magistrate Judge acknowledges that the parties attached exhibits outside the pleadings to their briefs, the Magistrate Judge does not consider those reports in resolving the instant motion. *See supra.*

- 10 -

reasonable diligence, should have learned about Sensata's alleged involvement requires consideration of facts beyond the allegations of the pleadings as is evidenced by the attachments submitted with the parties' briefing on this issue. At this point in the litigation, "[i]t would be improper to dismiss [American Family's]…Cross-Claim…on statute of limitations grounds before discovery has been completed and the Court has had the opportunity to review evidence that has been compiled to determine the existence of a genuine issue of material fact." *Lowes HIW, Inc. v. Thomas James Civil Design Group,* 2010 WL 2721903, *3 (D.Ariz. July 7, 2010) (denying motion to dismiss where cross-claimant raised the discovery rule in its response to motion to dismiss and attached exhibits in support of that argument to its response).  Consequently, the matter is not one that can be resolved by a Rule 12(b)(6) motion to dismiss.  Sensata's Motion to Dismiss should be denied with leave to renew the argument at summary judgment after sufficient time for discovery has occurred.  *See id.*

## IV. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court, after its independent review, enter an order:

(1) granting Ford Motor Company's Motion to Dismiss Cross-Claim of American Family Mutual Insurance Company (Doc. 16); and

(2) denying Defendants Texas Instruments Incorporated and Sensata Technologies, Inc.'s Motion to Dismiss Cross-Claim of American Family Mutual Insurance Company (Doc. 17) with leave to renew the argument at summary judgment after sufficient time for discovery has occurred.

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within **FOURTEEN (14) DAYS** after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within **FOURTEEN (14) DAYS** after being served

1 with a copy. Fed.R.Civ.P. 72(b)(2).  No replies to objections shall be filed unless leave is
2 granted from the District Court to do so.
3     Failure to file timely objections to any factual or legal determination of the
4 Magistrate Judge may be deemed a waiver of the party's right to review.
5     Dated this 9th day of November, 2015.

_____
Bernardo P. Velasco
United States Magistrate Judge