1
2
3
4
5
6                IN THE UNITED STATES DISTRICT COURT
7                    FOR THE DISTRICT OF ARIZONA
8
9    Rosalinda Cervantes, et al.,              No. CV-15-00300-TUC-RCC
10                   Plaintiffs,               **ORDER**
11   v.
12   Ford Motor Company, et al.,
13                   Defendants.
14
15          Pending before the Court is a Report and Recommendation ("R&R") written by
16   Magistrate Judge Bernardo Velasco. Doc. 32. Magistrate Judge Velasco recommends that
17   the Court grant Ford Motor Company's Motion to Dismiss Cross-Claim of American
18   Family Mutual Insurance Company and deny Defendants Texas Instrument Incorporated
19   and Sensata Technologies, Inc.'s Motion to Dismiss Cross-Claim of American Family
20   Mutual Insurance Company with leave to renew the argument at summary judgment.
21   Plaintiffs and American Family have filed objections to the R&R. Docs. 32 and 45. Ford
22   Motor Company filed a Combined Response to Plaintiffs' and American Family's
23   objections. Doc. 48. For the foregoing reasons, the Court shall overrule the objections
24   and accept the R&R.
25   **I. Background**
26          The factual background in this case is thoroughly detailed in Magistrate Judge
27   Velasco's R&R. This Court fully incorporates by reference the Background and
28   Discussion sections of the R&R into this Order. The dispute stems from a fire allegedly

caused by a defect in Plaintiff Rosalinda Cervantes's 1999 Ford F-150 at the home of Plaintiffs Carlos and Aurora Sanchez.

## II. Standard of Review

The duties of the district court, when reviewing a R&R of a Magistrate Judge, are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a R&R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140 (1985). However, in the absence of a timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## III. Discussion

American Family objects to Magistrate Judge Velasco's holding that American Family's cross-claim does not relate back to Plaintiffs' complaint and is therefore barred by the applicable two-year statute of limitations. At issue here is whether American Family's cross-claim is an affirmative or defensive claim. "[D]efensive claims generally relate back to the filing of the original complaint, while affirmative claims must satisfy the applicable statute of limitations." *40235 Washington St. Corp. v. Lusardi*, CIV. 90-1472-R, 1999 WL 33633157, at *5 (S.D. Cal. 1999). American Family argues that its cross-claim is a defensive claim because Plaintiffs are seeking damages for "[a]ll losses resulting from the damage to property, both real and personal." Doc. 45 at 4-5. This argument is without merit. American Family's cross-claim is not directed at reducing any amount of damages at issue if Plaintiffs prevail on the claims alleged in their Complaint. Rather, American Family's affirmative claims deal solely with the destruction of the subject vehicle and related expenses. Accordingly, the Court overrules American

1   Family's objections.

2   Plaintiffs also filed objections to the R&R. Specifically, Plaintiffs "object to any
3   factual finding or conclusion . . . that Plaintiffs, specifically Rosalinda Cervantes, are not
4   seeking damages for the loss of the subject vehicle or expenses and deductibles related to
5   the loss of the subject vehicle." Doc. 42 at 3. Similar to American Family, Plaintiffs
6   argue that the finding is in error because the Complaint is seeking damages for "[a]ll
7   losses resulting from the damage to property, both real and personal." Doc. 1-1 at 26.
8   This objection is also without merit. Plaintiffs have not directed the Court's attention to
9   any case law supporting this proposition. Further, the parties agree that American Family
10  has already "paid Rosalinda Cervantes for the property damage to the Subject Vehicle
11  due to the fire." Doc. 1-1 at 4. Thus, the Court overrules Plaintiffs' objections.

12  Lastly, no party objects to Magistrate Judge Velasco's recommendation denying
13  Sensata's Motion to Dismiss American Family's Cross-claim. After review, the Court
14  finds that the R&R contains no clear error. Thus, the Court adopts this recommendation.

15  …

16  …

17  …

18  …

19  …

20  …

21  …

22  …

23  …

24  …

25  …

26  …

27  …

28  …

1   Accordingly,

2   **IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Judge

3   Velasco's Report and Recommendation;

4   **IT IS FURTHER ORDERED** that Ford Motor Company's Motion to Dismiss

5   Cross-Claim of American Family Mutual Insurance Company is **GRANTED** (Doc. 16);

6   **IT IS FURTHER ORDERED** that Defendants Texas Instruments Incorporated

7   and Sensata Technologies, Inc.'s Motion to Dismiss Cross-Claim of American Family

8   Mutual Insurance Company is **DENIED** with leave to renew the argument at summary

9   judgment after sufficient time for discovery has occurred.

10  **Dated this 8th day of March, 2016.**

11

12

13

14  _____

15  Raner C. Collins
    Chief United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -